IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Harold Day Whittle,<br>　　　　　Petitioner,<br>v.<br>Michael Cimino, et al.,<br>　　　　　Respondents. | No. CV-23-02219-PHX-KML<br>**ORDER** |

In 2010, petitioner Harold Day Whittle pleaded guilty in state court to attempted child molestation and was placed on lifetime probation. Whittle believes the state court violated his due process rights in 2022 when it refused to terminate his probation early. Magistrate Judge Michael T. Morrissey issued a Report and Recommendation ("R&R") recommending the court conclude Whittle's petition presents a claim not cognizable in habeas and even if the claim were cognizable, it is untimely and procedurally defaulted. (Doc. 14.) Whittle filed objections and Respondents responded. (Doc. 17, 18.) Having reviewed the R&R de novo, Whittle is not entitled to relief.

Whittle's petition contains a single claim based on Arizona's probation statute. The relevant portion of that statute allows the state court to "terminate the period of probation . . . and discharge the defendant at a time earlier than that originally imposed if in the court's opinion the ends of justice will be served and if the conduct of the defendant on probation warrants it." A.R.S. § 13-901(E). Whittle argues this statute should be deemed "void for vagueness as it does not define 'ends of justice' and provides no standards at all

to prevent arbitrary, irrational interpretation." (Doc. 1 at 9.) Whittle's federal petition seeks an "evidentiary hearing" in this court and a "remand for new evidentiary hearing [in state court] on petition including clear instructions on determining 'ends of justice.'" (Doc. 1 at 14.) Whittle's petition, therefore, acknowledges the claim he is pursuing is aimed at requiring the state court to conduct another hearing and make another discretionary determination whether to terminate Whittle's lifetime probation. This claim cannot be brought in habeas.

When resolving a petition for writ of habeas corpus, the court can entertain only those claims that "lie at the core of habeas corpus." *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (simplified). A claim lies at the "core of habeas corpus" if success would "necessarily lead to [the petitioner's] immediate or earlier release from confinement." *Id.* at 935. For example, prisoners seeking new parole hearings or parole hearings at shorter intervals cannot proceed in habeas because success on such claims would not necessarily lead to their earlier release. *Woods v. Valenzuela*, 734 F. App'x 394, 396 (9th Cir. 2017) (claim seeking new parole hearing not cognizable); *Richardson v. Bd. of Prison Hearings*, 785 F. App'x 433, 434 (9th Cir. 2019) (claim seeking new parole hearing not cognizable); *Gordon v. Premo*, 757 F. App'x 627, 628 (9th Cir. 2019) (claim that increasing parole hearings from every two years to every ten years not cognizable in habeas).

Whittle's success on his current claim would not necessarily lead to the immediate or earlier termination of his lifetime probation.[1] Even assuming Whittle were to prevail in this suit, the state court "could continue to exercise its discretion" and refuse to terminate Whittle's lifetime probation. *Gordon*, 757 F. App'x at 628. Whittle's claim therefore lies "outside the historic core of habeas corpus," and the court lacks jurisdiction.[2] *Pinson v.*

---
[1] Whittle attempts to avoid this conclusion by arguing he is seeking an order vacating the state court's order and an order from this court "terminat[ing] his probation immediately." (Doc. 12 at 9.) Whittle has not cited, and the court has not located, any authority that would allow this court to terminate his probation. Even if this court agreed the state statute was flawed, the discretionary decision whether to terminate his probation would still be a matter for the state courts.
[2] If Whittle's claim were cognizable in habeas, he still would not be entitled to relief because his claim is procedurally defaulted. The only arguments Whittle made to the Arizona Court of Appeals were that the trial court abused its discretion in denying the petition to terminate probation. (Doc. 3-2 at 12-19.) After the Arizona Court of Appeals

*Carvajal*, 69 F.4th 1059, 1075 (9th Cir. 2023).

When a habeas petition presents a non-cognizable claim, the "court may construe" the petition "to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner." *Nettles*, 830 F.3d at 936. This conversion is only appropriate when the petition "names the correct defendants and seeks the correct relief." *Id.* (quoting *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir.2005)). Whittle may not have named the correct defendants for purposes of a § 1983 suit. The original defendants were Whittle's probation officer and the Attorney General. Those individuals do not have a direct connection to the enforcement of the probation statute Whittle is attempting to challenge. And as noted by respondents, the nature of Whittle's claim means "it is not at all clear who the correct defendants would be." (Doc. 18 at 9.) The probation statute guides decision-making by state courts and in light of judicial immunity, Whittle likely could not seek relief against the state court judges who apply that statute. *See, e.g.*, *Munoz v. Superior Ct. of Los Angeles Cnty.*, 91 F.4th 977, 980 (9th Cir. 2024). Finally, converting a petition may not be appropriate when, as here, the petitioner is represented by counsel. *Gordon*, 757 F. App'x. at 628. The circumstances of the present case establish conversion is not appropriate.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 14) is **ADOPTED IN PART**. The petition (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** based on a lack of jurisdiction. The Clerk of Court shall enter a judgment of dismissal without prejudice and close this case.

/

/

/

---

denied relief, Whittle sought review by the Arizona Supreme Court. Whittle made different arguments to the Arizona Supreme Court, including that the probation statute was "unconstitutionally vague." (Doc. 3-3 at 11.) But the Arizona Supreme Court denied review. (Doc. 11-1 at 251.) Because Whittle did not present his claim to the Arizona Court of Appeals, and the Arizona Supreme Court did not consider his claim on its merits, the claim is procedurally defaulted. *See, e.g.*, *Casey v. Moore*, 386 F.3d 896, 918 (9th Cir. 2004) (claim is not fairly presented if it is raised "for the first and only time to the state's highest court on discretionary review").

**IT IS FURTHER ORDERED** leave to proceed in forma pauperis and a certificate of appealability are **DENIED** because dismissal of the petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

Dated this 26th day of March, 2025.

*[signature]*

Honorable Krissa M. Lanham
United States District Judge